IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**PETER LIOUNIS,**

    **Plaintiff,**

**v.**                                                                   **CIVIL ACTION NO.: 3:20-CV-187**
                                                                                    **(GROH)**

**UNITED STATES OF AMERICA,**

    **Defendant.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On September 25, 2020, the *pro se* Plaintiff, a federal prisoner incarcerated at USP Gilmer, in Glenville, West Virginia, initiated this case by filing an action pursuant to the Federal Tort Claims Act ("FTCA"). ECF No. 1.[1]

The matter is now before the undersigned for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the petition be denied and dismissed with prejudice.

### II. FACTUAL AND PROCEDURAL HISTORY

Plaintiff initiated this action on September 25, 2020, while incarcerated[2] at Gilmer

---

[1] All CM/ECF numbers cited herein are from the instant case, 3:20-CV-187, unless otherwise noted.

[2] According to the Bureau of Prisons inmate locator website, Plaintiff's projected release date from BOP custody is January 10, 2033.

1

FCI.[3]  The complaint[4] alleges that he was subjected to false arrest, false imprisonment, malicious prosecution, and intentional infliction of emotional distress.

According to the complaint, Plaintiff filed at least one administrative remedy, through the filing of an FTCA Claim Form (SF-95), claim number TRT-MXR-2020-04143. ECF No. 1 at 4.  Plaintiff attached a number of exhibits to his complaint, comprised of 195 pages.  ECF No. 1-1 through 1 – 26.  It appears that Plaintiff's SF-95 form was filed on April 1, 2020, and was accompanied by fifteen typewritten pages of supplement to Plaintiff's claims.  ECF No. 1-3.  In his administrative remedy Plaintiff essentially claimed that he was unlawfully arrested, prosecuted and imprisoned in 2012, following the return of an indictment in the Eastern District of New York, case number 1:12-CR-350, and subsequent conviction by a jury, and the imposition of a 292 month sentence by that court in 2014.[5]  Id.

On April 7, 2020, the Bureau of Prisons, through its Regional Counsel, rejected Plaintiff's administrative claim TRT-MXR-2020-04143.  ECF No. 1-4 at 20.  As justification for the denial, the notice states that constitutional torts are not cognizable under the

---

[3] Plaintiff was convicted after a jury trial of nine counts of conspiratorial and substantive mail, wire, and securities fraud, see 15 U.S.C. §§ 78j(b), 78ff;[1] 18 U.S.C. §§ 1341, 1343, 1349, for which he received a low-end Guidelines sentence of 292 months' imprisonment.  United States v. Liounis, 639 F. App'x 731, 733 (2d Cir. 2016).

[4] The Court notes that Plaintiff did not complete the Court-approved form in full as required by the Local Rules of Prisoner Litigation Procedure.  In the section reserved for Statement of Claims, Plaintiff asserted he was subject to "Intentional Torts of False Arrest and False Imprisonment", "Intentional Tort of Malicious Prosecution", and "Intentional Tort of Infliction of Emotional Distress", but provided no supporting facts for any of these alleged violations, instead directing the Court to "see attached", and attaching 10 pages of supporting facts and 175 pages of exhibits.  ECF Nos. 1 at 6 – 7, 1-1, 1-2 through 1-26.

[5] Plaintiff appealed his conviction to the Court of Appeals for the Second Circuit, which affirmed the judgment of the district court.  U.S. v. Liounis, 639 Fed.Appx. 731 (2nd Cir. 2016).  Plaintiff then sought a writ of certiorari from the United States Supreme Court, which denied his petition on November 28, 2016.  Liounis v. U.S., 137 S.Ct. 528 (2016).

Federal Tort Claims Act:

> In FDIC v. Meyer, 114 S. Ct. 996 (1994), the Supreme Court explained that to be actionable under the Tort Claims Act, a claim must allege that the United States would be liable to the claimant as a private person in accordance with the law of the place where the act or omission occurred. Because by definition federal law, not state law, provides the source of liability for a claim alleging the deprivation of a federal constitutional right, the United States has not rendered itself liable under the tort claim provisions for constitutional tort claims.

ECF No. 1-4 at 20.

Plaintiff requested that the denial of his administrative claim be reconsidered by letter dated April 22, 2020. ECF No. 1-5. Plaintiff prepared another SF-95 form dated May 11, 2020, which sought damages of $70,080,000.25, for alleged personal injury or wrongful death, and alleged malicious prosecution. ECF No. 1-4 at 1 – 19. On May 20, 2020, the BOP, again through its Regional Counsel, issued a denial of Plaintiff's request that his claim be reconsidered. ECF No. 1-6. The BOP explained that "we do not find any new information to depart from our original decision," and accordingly, issued a final denial of Plaintiff's claim. Id.

In the instant complaint Plaintiff appears to allege the same violations of his rights as those alleged in the administrative remedy previously denied by the Bureau of Prisons and seeks eighty-seven million six hundred thousand dollars ($87,600,000.00) in damages and requests immediate release from incarceration. ECF No. 1 at 9.

### III. LEGAL STANDARD

#### A. Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief

and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B.     Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, a complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[6] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit. . .

490 U.S. at 327.

---

[6] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

### C. The Federal Tort Claims Act

The United States enjoys sovereign immunity except to the extent that Congress has waived such immunity. The FTCA provides a limited waiver of sovereign immunity for "money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of an employee of the Government while acting within the scope of his office or employment . . . ." 28 U.S.C. § 2675(a). Section 2674 of the Act further provides as follows:

> The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

28 U.S.C. § 2674.

Further, a strict statute of limitations applies under the FTCA. "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401.

In order to maintain a case against the United States under the FTCA, the plaintiff must demonstrate that his action is permissible under the FTCA and satisfies the necessary elements of a tort claim under state law. It is a jurisdictional requirement that the plaintiff in such a case file and exhaust an administrative claim prior to filing suit. See 28 U.S.C. § 2675; see also Muth v. United States, 1 F.3d 246, 249 (4th Cir. 1993); Dupont v. United States, 980 F. Supp. 192, 195 (S.D. W. Va. 1997); Kielwien v. U.S., 540 F.2d 676 (4th Cir. 1976), *cert. denied,* 429 U.S. 979 (1976).

The first step in the FTCA process is pursuit of an administrative remedy before filing suit in federal court:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or admission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of the claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. 2675(a).

### IV.   ANALYSIS

The complaint should be dismissed as frivolous because the Plaintiff has no chance of success. All three of Plaintiff's claims concern his conviction and subsequent imprisonment: (1) false arrest and false imprisonment, (2) malicious prosecution, and (3) intentional infliction of emotional distress[7]. In <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), the United States Supreme Court found:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus . . .

---

[7] In support of his emotional distress claim, Plaintiff alleges, inter alia, that in his criminal conviction in the Eastern District of New York, case number 1:12-CR-350, that his arrest warrant was invalid, that his summons dated May 18, 2012, and arraignment were both a "sham", that his indictment is "counterfeit", that false statements and documents were released to the public and media, and that he has been illegally incarcerated for more than eight years. ECF No. 1-1 at 6 – 9.

Heck at 487 (footnote omitted). Moreover, the Supreme Court stated that one reason for imposing such a requirement is to prevent a convicted criminal defendant from collaterally attacking his criminal conviction through a civil suit. Id. at 484.

Upon review of the complaint, it is clear that a decision favorable to the Plaintiff in this case "would necessarily imply the invalidity of his conviction or sentence," Harden v. Pataki, 320 F.3d 1289, 1291 (11th Cir. 2003) (citing Heck at 487) and that the Plaintiff has failed to make a showing that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. To the contrary, a review of the docket in the court of Plaintiff's conviction shows that the District Court for the Eastern District of New York entered an order on August 22, 2018, which enjoined Plaintiff from filing any further challenges to his conviction with prior authorization:

> [T]he Court hereby enjoins the defendant from filing any future motion, petition, or other document in this Court or any other federal court touching upon his 2014 conviction, without prior authorization of the Court, excepting an appeal from this Order. If the defendant wishes to make such a filing, he must submit, along with the proposed filing, a request for leave to file and an affidavit attesting that the proposed filing raises new claims over which this Court has jurisdiction. The Clerk of the Court is directed to return, without filing, any submission from the defendant (excepting an appeal from this Order) that bears this case's docket number or otherwise relates to the defendant's 2014 conviction, unless the filing is accompanied by a request for leave to file and an affidavit.

E.D.N.Y. 1:12-CR-350, ECF No. 308 at 2.

The Fourth Circuit has not squarely addressed the issue of whether Heck applies to FTCA actions, however, other Circuits have held that it does. The Third Circuit affirmed

7

the dismissal of FTCA claims which were premised on various constitutional defects under the "'favorable termination rule' of Heck [ ]. Under that rule, unless and until an incarcerated plaintiff's conviction or sentence is invalidated, his damages action is barred if its success would necessarily undermine said conviction or sentence." O'Brien v. United States Fed. Gov't, 763 F. App'x 157, 159 (3d Cir. 2019). In Okeayainneh v. United States Dep't of Justice, 789 F. App'x 469, 470 (5th Cir. 2020) (Internal citations omitted), the Fifth Circuit found that although plaintiff argued, "that his continued imprisonment is unlawful. . . . [however] Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), bars Okeayainneh's constitutional unlawful imprisonment claim. Okeayainneh's FTCA claim failed on its face to show that his imprisonment was unlawful or tortious." The Sixth Circuit found that Heck precluded a plaintiff's FTCA claims, "insofar as a ruling in plaintiff's favor would imply the invalidity of plaintiff's disciplinary conviction. Hinton v. United States, 91 F. App'x 491, 493 (6th Cir. 2004) (citing Parris v. United States, 45 F.3d 383, 385 (10th Cir.1995)). The Eleventh Circuit has also held that Heck may be applied to FTCA claims. Brestle v. U.S., 414 Fed. Appx. 260 (11th 2011); Jones v. Beasley, 645 Fed.Appx. 840 (11th 2016).

District courts in the Fourth Circuit have recognized that Heck's holding should apply to FTCA cases. "Plaintiff may not recover damages under the FTCA until his conviction is reversed." Harrison v. United States, No. 5:99-CT-513-BR2, 2000 WL 33965066, at *4 (E.D.N.C. Aug. 15, 2000), aff'd, 10 F. App'x 130 (4th Cir. 2001). "Heck bars FTCA damage claim going to underlying conviction if conviction is still in place." Maxwell v. United States, No. CIV.A.L-10-1483, 2010 WL 2652198, at *2 (D. Md. June 30, 2010), aff'd, 397 F. App'x 914 (4th Cir. 2010) (citing Parris v. U.S., 45 F.3d

383,384-85 (10th Cir. 1995)). In Harriot v. United States, No. CV 1:20-1266-JFA-SVH, 2020 WL 6292712, at *2 (D.S.C. May 4, 2020), report and recommendation adopted, No. CV 1:20-1266-JFA-SVH, 2020 WL 4499987 (D.S.C. Aug. 5, 2020), the District of South Carolina cited to several other cases in its holding that Heck applies to FTCA cases:

> Other courts have extended the Supreme Court's holding in *Heck* to cases brought pursuant to the FTCA. *See e.g.*, *O'Brien v. United States Federal Government*, 763 Fed. App'x 157 (3d Cir. 2019) ("Furthermore, we discern no reversible error in the District Court's determination that *Heck's* favorable termination rule may not apply just to the *Bivens* claim, but to the FTCA and RICO claims in O'Brien's amended complaint as well."); *Erlin v. United States*, 364 F.3d 1127, 1133 (9th Cir. 2004) (holding that "a civil action under the Federal Tort Claims Act for negligently calculating a prisoner's release date, or otherwise wrongfully imprisoning the prisoner, does not accrue until the prisoner has established, in a direct or collateral attack on his imprisonment, that he is entitled to release from custody"); *Parris v. United States*, 45 F.3d 383, 385 (10th Cir. 1995) ("FTCA, like § 1983, is not an appropriate vehicle for challenging the validity of outstanding criminal judgments.").

"[B]ecause Plaintiff has not demonstrated that his criminal conviction has been invalidated, Plaintiff's FTCA claim is not cognizable pursuant to Heck." Satcher v. United States, No. CV 1:12-07674, 2013 WL 12365434, at *3 (S.D.W. Va. Aug. 27, 2013), report and recommendation adopted, No. CV 1:12-07674, 2015 WL 5842895 (S.D.W. Va. Oct. 7, 2015).

Plaintiff's claims all concern his conviction and sentence, neither of which have been invalidated. Under the holding of Heck, plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, or declared invalid by a State tribunal. Here, the Second Circuit Court of Appeals has affirmed Plaintiff's conviction, and the trial court has denied Plaintiff's other attempts to obtain

9

relief, and has further enjoined Plaintiff from motion, petition, or other document in this Court or any other federal court touching upon his 2014 conviction.

Accordingly, the Plaintiff has no chance of success on the merits, and his claim is frivolous.

## V.    RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the

*pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED:    November 23, 2020

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE